# COURT OF APPEALS OF TEXAS.

## GALVESTON TERM, 1877.

### NEWTON PORTER v. THE STATE.

PRACTICE IN MISDEMEANORS.—This court will not revise the action of the court below in misdemeanor cases, unless exceptions thereto were taken at the trial; and in such cases, if the accused desired other instructions to the jury than those given by the court, unless he asked such other instructions their omission is not error.

APPEAL from the County Court of Bee. Tried below before the Hon. W. R. HAYS.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The appellant was convicted under an indictment charging that he "unlawfully did go into a certain religious assembly, near the San Domingo school-house, in said county, where was then assembled divers persons for the purpose of religious worship, and did then and there have on his person a certain pistol, and he, the said Newton Porter, not being then and there a peace officer," etc.

The indictment is a good one. The 3d section of the act to regulate the keeping and bearing of deadly weapons, passed April 12, 1871, is as follows: "If any person shall go into any church or religious assembly, any school-room, or other place where persons are assembled for amusement, or for educational or scientific purposes, or into any circus, show, or public exhibition of any kind, or into a ball-room,

social party, or social gathering, or to any election precinct on the day or days of any election, where any portion of the people of this state are collected to vote at any election, or to any other place where people may be assembled to muster, or to perform any other public duty (except as may be required or permitted by law), or to any other public assembly, and shall have or carry about his person a pistol or other fire-arm, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured and sold for the purposes of offense and defense, unless an officer of the peace, he shall be guilty of a misdemeanor, and, on conviction thereof, shall, for the first offense, be punished by a fine of not less than fifty nor more than five hundred dollars, and shall forfeit to the county the weapon or weapons so found on his person, and for every subsequent offense may, in addition to such fine and forfeiture, be imprisoned in the county jail for a term of not more than ninety days."

We have not been favored with a brief by the appellant. There was no bill of exceptions taken by the counsel for the appellant in the court below. The record before us shows that his counsel filed a motion for a new trial, setting forth the following reasons for it:

" 1st. That the verdict of the jury is contrary to law.

" 2d. That the verdict of the jury was contrary to the evidence.

" 3d. That the court erred in its charge to the jury."

This motion was overruled, and the defendant appealed from the judgment rendered in the county court in this case.

Under the rule laid down in the case of *Mooring* v. *The State*, 42 Texas, 86, decided by the supreme court of this state, the judgment must be affirmed. Reeves, J., in delivering the opinion of the court in the case named, says: " The rule is well settled in such cases. In misdemeanors the defendant must except to the action of the court at the

time of the·trial if he is not satisfied ; and, if not excepted to, it will not be revised by this court as regards objections of the character complained of in this case. If the law as applicable to the case is given in the charge to the jury, and further instructions are desired, the court must be asked to give them at the time of the trial." See Cr. Pro., Arts. 3059–3067.

Two of the Articles referred to read as follows : " Art. 3059. After the argument of any criminal cause has been concluded, the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case ; but he shall not express any opinion as to the weight of the evidence, nor shall he sum up the testimony. This charge shall be given in all cases of felony, whether asked or not." " Art. 3067. Whenever it appears by the record in any criminal action, taken to the supreme court upon appeal by the defendant, that the instructions given to the jury were verbal (except where so given by consent in a case of misdemeanor), or that the district judge has departed from any of the requirements of the eight preceding Articles, the judgment shall be reversed, provided it appears by the record that the defendant excepted to the order or action of the court at the time of the trial."

The supreme court of Texas, Roberts, J., delivering the opinion of the court, says in substance that, " the defendant not having excepted to the charge upon the weight of evidence, it is not available now, even if we should consider that the charge was liable to that objection." *Robinson* v. *The State*, 24 Texas, 154. This court, in the case of *Browning* v. *The State*, at its Austin term, and also in the case of *Foster* v. *The State*, at the Tyler term, following the rule laid down in *Mooring* v. *The State*, held that, in the trial of misdemeanors, the defendant must take exceptions to the action of the court at the time, and

ask such additional instructions as he desires; otherwise, this court will not revise errors assigned to the action of the court below.

The question in this case was : Did the appellant, at the time and place named in the indictment, he then not being a peace officer, go into a religious assembly, having on his person a pistol. The evidence proves beyond question that he did go into a religious assembly, as charged in the indictment, having on his person a pistol ; and we believe it further shows that he was not then a peace officer, and had not been called upon or deputized by any peace officer to assist him in the discharge of his duty.

The judgment of the county court in this case is affirmed.
*Affirmed.*